# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1525 | **DATE** | 8/12/2010 |
| **CASE TITLE** | Raza Telecom, Inc. vs. Oblio Telecom, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiff's supplemental motion to approve alternative service pursuant to Federal Rule of Civil Procedure 4(e)(1), which was filed on July 2, 2010. For the reason stated below, the supplemental motion is denied without prejudice and Plaintiff's nearly identical original motion to approve alternative service, filed on March 4, 2010, is denied as moot. If Plaintiff wishes to renew its motion, it must do so in full compliance with the requirements of due process, the Federal Rules of Civil Procedure, 735 ILCS 5/2-203.1, and the pertinent Illinois case law, as set forth in detail below. This matter is set for further status on 9/3/10 at 9:15 a.m.

■[ For further details see text below.]                                Docketing to mail notices.

## STATEMENT

**I.     Background**

Plaintiff Raza Telecom, Inc. filed complaint [1] on March 10, 2009, against Oblio Telecom Inc., Titan Global Holdings, Inc., and Kurt Jansen, Individually. Defendants Oblio Telecom and Titan Global Holdings were served on July 7, 2009, and an order of default [18] was entered against them on September 17, 2009. The Court subsequently entered an order [23] extending the time for service on the remaining Defendant, Kurt Jansen, until March 17, 2010 (see Fed. R. Civ. P. 4(m)) and set the matter for further status on March 11, 2010.

On March 4, 2010, Plaintiff filed a motion requesting a court order allowing service on the remaining Defendant, Kurt Jansen, by alternative means. (Although the Court has a copy of the motion containing a stamp from the Clerk's Office, it does not appear that the motion was electronically filed, and thus it does not appear as a docket entry on the electronic case filing system (CM/ECF).) In its motion, Plaintiff stated that during the week of July 5, 2009, Plaintiff made several attempts via process server to make service on Jansen. Jansen's receptionist informed the server that Jansen was out of town. The motion also states that Jansen is a principal of Oblio Telecom and Titan Global Holdings. It further states that Jansen attended a settlement conference on May 19, 2009 in a separate case between Raza Telecom and Oblio Telecom that remains pending in the Northern District of Texas, 3:08-CV-278-N.

On the basis of the foregoing, it seems safe to assume that Jansen is aware of this litigation. However, it is clear that "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir.2008)*;* see also *Equity Residential Properties Mgmt. Corp. v. Nasolo*, 364 Ill. App. 3d

26, 35 (1st Dist. 2006) (holding that a defendant's actual knowledge that an action is pending or that service has been attempted is not the equivalent of service of summons and would not relieve the plaintiff of its burden or vest the court with jurisdiction). It is equally clear that the formalities of service under Federal Rule of Civil Procedure 4 must be observed in all cases. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process").

## II.     Analysis

Believing on the basis of the foregoing circumstances that Jansen is evading service and recognizing that Jansen still must be served before this lawsuit can proceed against him, Plaintiff filed its March 2010 motion for permission to serve Jansen by alternative means. The means that what Plaintiff has proposed – mailing a copy of the complaint and summons to him in care of an attorney who represents Oblio Telecom in another currently pending matter – may be appropriate in certain circumstances. (See discussion below.) However, in Plaintiff's original motion to allow service by alternative means, Plaintiff represented that the attorney in question, C. John Scheef III, Scheef & Stone, 2601 Network Boulevard, Suite 102, Frisco, TX 75034, was Oblio Telecom's "previous counsel of record." At the March 11 hearing on the motion, the Court advised Plaintiff that while Illinois law appears to allow service by alternative means on the target's *current* counsel (again, see below), the law is less clear in regard to service on a *former* attorney. In view of the lack of clarity in the law and the absence of argument or case citations addressing that point in Plaintiff's motion, the Court allowed Plaintiff two weeks within which to submit a supplemental memorandum on the specific point discussed at the hearing. [See 24 – minute entry of 3/11/10.]

Plaintiff's counsel did not file anything by the March 25 due date. Finally, on July 2, Plaintiff submitted a supplemental motion. That motion is virtually identical to the prior motion with notable exception – in the new motion, Attorney Scheef is referred to not as Oblio Telecom's "previous" counsel of record, but instead as Jansen's "current" counsel of record. (Again, the Court has a copy of the supplemental motion stamped by the Clerk's Office, but nothing has been placed on the electronic docket.)

Examination of the docket sheet in the Texas action indicates that while Scheef was at one time counsel of record for Oblio Telecom in the Texas litigation, he and his co-counsel filed a motion to withdraw [99] on August 19, 2009. In a minute order dated September 16, 2009 [100], the Texas court postponed ruling on the motion to withdraw, but ordered Oblio Telecom to retain new counsel within 30 days. Before that 30-day period lapsed, Raza Telecom and Oblio Telecom filed a joint motion to dismiss [102], which the court granted on October 8, 2009. On that date, the Texas litigation was closed and there are no further docket entries.

It is well settled that this Court may take judicial notice of the proceedings in another court. See, *e.g.*, *Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008) ("a court is of course entitled to take judicial notice of judicial proceedings"); *United States v. Doyle*, 121 F.3d 1078, 1088 (7th Cir. 1997) (taking judicial notice of district court's docket sheet). And based on the Court's examination of the Texas docket sheet, it is evident that Plaintiff's initial representation that Scheef was Oblio Telecom's "previous" counsel was accurate and that the subsequent assertion that Scheef is "current" counsel of record is inaccurate – unless Scheef represents Oblio in another matter, which Plaintiff has not even suggested, much less established.

As the Court previously has explained (see *Hotel Employees & Restaurant Employees Int'l Union Welfare Fund v. Printer's Row, LCC,* 2008 WL 5142187, at *3 (N.D. Ill. Dec. 5, 2008)), at least two of the small

handful of published Illinois decisions applying Section 2-203.1 suggest that serving a party through an attorney who *currently* represents that party in another matter constitutes a "comparable method of service" that comports with due process where, as here, there is good reason to believe that the defendant is consciously and actively trying to evade service. See *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 370 (2d Dist. 2001); see also *Schmitt v. Schmitt*, 2002 WL 109359, at *1 (N.D. Ill. Jan.28, 2002) (noting that the trial court approved service of process on respondent's employee and former lawyers and that "the appellate court held that the method of service of process employed in this case was constitutionally permissible"); *Davis v. Davis*, Order [Docket No. 12], No. 08-cv-2542 (N.D. Ill. Sept. 11, 2008) (approving alternative service including mailing copies of summons and complaint to defendant's home address, posting copies of summons and complaint in entrance lobby to building in which Defendant lived, and delivery of copies of summons and complaint to counsel for defendant in another case); *id.*, Minute Order and Transcript of Proceedings [Docket Nos. 39, 41] (N.D. Ill. July 9, 2009) (rejecting argument that default judgment was void and finding that plaintiff complied with federal and state service requirements, but granting motion to vacate default judgment on grounds of "excusable neglect and good cause for default"). If Scheef still were Oblio's counsel, an additional complicating factor is that Scheef's client was Oblio Telecom, not Jansen personally. However, in light of the legal proposition that "an attorney's authority to act for a client terminates when the matter for which he has been retained ends," the Illinois courts have suggested that service on former attorneys (like Scheef, in this instance) may not be a permissible means of service under Illinois law. See *In re Marriage of Schmitt*, 321 Ill. App. 3d at 370. Based on that reading of the pertinent Illinois case law, the Court must deny Plaintiff's motions to approve alternative service and need not address whether the fact that Jansen purportedly is a principal of Oblio Telecom would render alternate service on Oblio's lawyer effectively alternate service on Jansen himself.

The Court also notes, parenthetically, another problem for Plaintiff – namely, that identifying a potential third party to assist in effectuating service is not the only requirement for taking advantage of the opportunity to serve an adversary by alternative means. A request to make service by an alternative method is governed by Federal Rule of Civil Procedure (4)(1), which authorizes service of a summons and complaint "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) (explaining that in the absence of rules for service of process set forth in the statute giving rise to the cause of action, "service of process is governed by the law of the state in which the district court is located"). Under Illinois law, if service is "impractical" under the methods set forth in Section 2-203(a), a plaintiff "may move, without notice, that the Court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1. The General Assembly has directed that a motion to approve service under Section 5/2-203.1 "shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical * * *, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *In re Schmitt*, 321 Ill.App.3d 360, 367 (2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id*. at 367-68. Here, Plaintiff has not submitted the required affidavit.

### III.     Conclusion

For the reason stated above, Plaintiff's supplemental motion to approve alternative service pursuant to Federal Rule of Civil Procedure 4(e)(1), which was filed on July 2, 2010, is denied without prejudice. Plaintiff's original motion to approve alternative service pursuant to Federal Rule of Civil Procedure 4(e)(1), which was filed on March 4, 2010, is denied as moot. As explained above, if Plaintiff wishes to renew its

| STATEMENT |
|---|
| motion, it must do so in full compliance with the requirements of due process, the Federal Rules of Civil Procedure (including Rule 4(m)), 735 ILCS 5/2-203.1 (including the affidavit requirement), and the pertinent Illinois case law. |